Charles N. SCHWARZ, Jr., et al.,
Plaintiffs-Appellees,

v.

Harry FOLLODER, et al., Defendants,

Alexander Grant & Company,
Defendant-Appellant.

No. 83–2743.

United States Court of Appeals,
Fifth Circuit.

Aug. 1, 1985.

McDermott, Will & Emery, Alan S. Rutkoff, Howard L. Kastel, Chicago, Ill., for defendant-appellant.

Baker & Botts, Alvin M. Owsley, Jr., Houston, Tex., for Reynolds, Allen, Cook, & White.

Fleming & Jones, Larry R. Jones, Houston, Tex., for W. Harold Sellers and Bradley.

John D. Giplin, Gary L. Crofford, Houston, Tex., for Charles N. Schwarz, Jr.

William H. White & Associates, Margaret A. Pollard, Houston, Tex., for plaintiffs-appellees.

Before GOLDBERG, POLITZ and WILLIAMS, Circuit Judges.

GOLDBERG, Circuit Judge:

This case presents us with the anomalous situation of a defendant appealing from a dismissal with prejudice against the plaintiffs. Despite its apparent success on the merits, the appellant—Alexander Grant & Company, a national partnership of certified accountants—disagrees with two aspects of the district court's disposition: first, it argues that the district court improperly refused to enter "judgment" in its favor, thereby denying it both "prevailing party" status and the accompanying award of costs; second, it argues that it was entitled to an award of attorney's fees since the plaintiffs acted in bad faith.

 In general, awards of costs and attorney's fees—like other aspects of trial management—are entrusted to the sound discretion of the trial court. However, in ruling on motions for costs and attorney's fees, the district court cannot act arbitrarily. "[D]iscretionary choices are not left to a court's 'inclination, but to its judgment; and its judgment is to be guided by sound legal principles.'" Friendly, *Indiscretion About Discretion*, 31 Emory L.J. 747, 784 (1982) (quoting Chief Justice Marshall's opinion in *United States v. Burr*, 25 F.Cas. 30, 35 (C.C.Va.1807)). At a minimum, the district court must listen to a party's arguments and give reasons for its decision. Because we find that the district court failed in these duties, we vacate its orders denying costs and attorney's fees and remand.

I

 The present case was commenced in April 1976, when a complaint alleging securities act violations[1] and common law

---

1. In particular, the plaintiffs alleged that the

defendants violated § 10(b) of the Securities Act

fraud was filed on behalf of seventy named plaintiffs against Alexander Grant & Company and two individuals, Harry Folloder and James R. Lyne. The complaint alleged that the defendants had conspired to defraud the plaintiffs by misrepresenting the financial condition of Franklin Bank, a now-defunct Houston bank. The plaintiffs claimed that they had purchased stock in the Bank in reliance upon the defendants' misrepresentations, and sought money damages and rescission of the sale. In response, Alexander Grant claimed that the plaintiffs had independent knowledge of the Bank's financial condition at the time of the sale and that therefore the plaintiffs had not relied on the financial statements audited by Grant.[2] In addition, Folloder and Lyne counterclaimed against various plaintiffs who had given them promissory notes in payment for the stock purchases.

Because the merits of the suit against Alexander Grant are not before us on appeal, we need not consider the facts of the case further. Suffice it to say that during six years of pretrial preparation, twenty-one of the seventy original plaintiffs were dismissed from the case for failure to respond to discovery requests. An additional seven plaintiffs were voluntarily dismissed pursuant to Fed.R.Civ.P. 41(a)(2). Alexander Grant contested five of these dismissals, including the dismissal of the lead plaintiff, Charles N. Schwarz, claiming (1) that it was entitled to an award of costs and attorney's fees and (2) that the plaintiffs' complaints should be stricken as a sham under Fed.R.Civ.P. 11. The district court denied all of Grant's motions.

On August 9, 1983, the claims of the remaining plaintiffs proceeded to trial before the district court. After only one witness had been heard, however, the plaintiffs reached a settlement with Folloder and Lyne, agreeing to pay Folloder and Lyne $250,000 to settle their counterclaims.[3] Pursuant to this settlement, the various claims and counterclaims between the plaintiffs on the one hand and Folloder and Lyne on the other were voluntarily dismissed.

In conjunction with the settlement, the plaintiffs also sought to dismiss their claims against Alexander Grant. Grant was willing to allow all but two of the plaintiffs to dismiss their claims voluntarily—with prejudice but without costs or attorney's fees. However, Grant opposed the dismissal of one individual plaintiff, Harold Sellers, of the Houston law firm of Reynolds, White, Allen & Cook, moving orally for a judgment on the merits against these plaintiffs and for an award of costs and attorney's fees. The district court rejected Grant's claims from the bench, declared a mistrial, and subsequently granted the Rule 41(a) motions of Sellers and the Reynolds, White firm to dismiss their claims with prejudice.

On October 14, 1983, Grant filed a written motion for an award of attorney's fees and costs against Schwarz, Sellers, of the Reynolds, White firm; for a hearing in connection therewith; and for reconsideration of the court's prior orders declaring a mistrial and permitting the voluntary dismissal, with prejudice of the claims asserted by these plaintiffs. The district court denied this motion on October 26,

of 1934, 15 U.S.C. § 78j(b) (1982); Rule 10b–5 promulgated thereunder, 17 C.F.R. § 240.10b–5 (1984); § 12(2) of the Securities Act of 1933, 15 U.S.C. § 77*l*(2) (1982); and § 27.01 of the Texas Business and Commerce Code, Tex.Bus. & Comm.Code Ann. § 27.01 (Vernon 1968).

**2.** Although Grant's actions in auditing the financial statements are not at issue here, Grant apparently does not concede that it acted improperly. No determination has been made on this question since the plaintiffs' case aborted on the second day of trial. On appeal, however, the plaintiffs-appellees have attempted to reopen

the issue by attaching as an appendix to their brief an affidavit by a certified public accountant alleging that Grant acted improperly. It should go without saying that this attempt to introduce new evidence on appeal is totally improper. *See Callejo v. Bancomer, S.A.,* 764 F.2d 1101, 1119 n. 25 (5th Cir.1985); *United States v. One 1978 Piper Navajo PA–31 Aircraft,* 748 F.2d 316, 319 (5th Cir.1984).

**3.** Two of the plaintiffs apparently could not be contacted immediately, and the counterclaims against them were not dismissed until November 9, 1983.

without holding an evidentiary hearing, issuing an opinion, or making any written findings of fact or conclusions of law. It disposed of the remaining claims in the case on November 9, 1983. On December 6, 1983, Grant filed its notice of appeal, which specified that Grant was appealing not only the orders relating to the dismissals of Schwarz, Sellers, and the Reynolds, White firm, but also the earlier orders dismissing the claims of four other plaintiffs.[4]

## II

 Rule 41(a)(2) of the Federal Rules of Civil Procedure permits a district court to dismiss an action at the plaintiff's request upon such terms and conditions as the court deems proper. The decision to dismiss an action rests within the sound discretion of the trial court and may only be reversed for an abuse of that discretion. *La-Tex Supply Co. v. Fruehauf Trailer Division,* 444 F.2d 1366, 1368 (5th Cir.), *cert. denied,* 404 U.S. 942, 92 S.Ct. 287, 30 L.Ed.2d 256 (1971); 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2364 (1971). In determining whether to grant a dismissal, the principal consideration is whether the dismissal would prejudice the defendant. If a dismissal would unfairly prejudice the defendant, then the plaintiff's motion to dismiss should be denied. *Id.* § 2364, at 165, 169.

 Rule 41(a)(2) does not limit when a district court may dismiss a claim. However, if a dismissal is without prejudice to the plaintiff, then the later it is granted the more likely it is to harm the defendant by subjecting him to the potential of additional litigation expenses. *See Williams v. Ford Motor Credit Co.,* 627 F.2d 158, 160 (8th Cir.1980) (district court abused its discretion by granting dismissal at end of trial, after defendant had made motion for judgment notwithstanding the verdict); *cf. Evans v. Teche Lines,* 112 F.2d 933, 934 (5th Cir.1940) (decision whether to grant dismissal after defendant has moved for directed verdict is discretionary). *See generally* 9 C. Wright & A. Miller, *supra,* § 2364, at 169–71. The situation is different in the case of a dismissal with prejudice. "Dismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties. An adjudication in favor of the defendants, by court or jury, can rise no higher than this." *Smoot v. Fox,* 340 F.2d 301, 303 (6th Cir.1964); *see also Sheridan v. Fox,* 531 F.Supp. 151, 155 (E.D.Pa.1982); *Wainwright Securities, Inc. v. Wall Street Transcript Corp.,* 80 F.R.D. 103, 105 (S.D.N.Y.1978) ("[A] dismissal with prejudice has the effect of a final adjudication on the merits favorable to the defendant."). Consequently, no matter when a dismissal with prejudice is granted, *it does not harm the defendant:* The defendant receives all that he would have received had the case been completed.[5] *Sheridan,* 531 F.Supp. at 155.

---

4. Although the appellees contest the timeliness of Grant's notice of appeal, this argument is so lacking in merit as to border on the puerile. Unless the district court certifies otherwise, the thirty-day period for filing a notice of appeal does not begin to run until all of the claims among all of the parties have been resolved. Fed.R.Civ.P. 54(b). Since the district court never certified any of its interlocutory orders for appeal, the appellant's thirty days did not commence until the district court entered its final order on November 9—twenty-seven days prior to the December 6 filing of Grant's notice of appeals.
 The appellees assert that the rules of *Gillespie v. United States Steel Corp.,* 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964), and *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), started the appealability clock prior to the resolution of all claims below. We disagree. The exceptions to the final judgment rule cited by the appellees *permit* parties, in certain limited circumstances, to appeal orders that are not final. They do not *require* parties to file immediate appeals. *See In Re Chicken Antitrust Litig. American Poultry,* 669 F.2d 228, 236 (5th Cir.1982); *Gloria S.S. Co. v. Smith,* 376 F.2d 46, 47 (5th Cir.1967). As we stated in *In Re Chicken,* "Stripped to its essentials, this argument would require parties to take all interlocutory appeals or face the possibility of losing their right to appeal questions that are arguably related to the collateral order. Making interlocutory appeals mandatory in this manner would turn the policy against piecemeal appeals on its head." *Id.* at 236.

5. On this basis, some courts have held that a dismissal with prejudice is not discretionary, but instead must be granted if requested by the

In the present case, the district court dismissed with prejudice the claims of five of the appellees prior to trial and of the remaining two appellees during trial. We do not find any error in these dismissals. The dismissals prior to trial were an ordinary exercise of the district court's discretion under Rule 41(a)(2). The dismissals during trial were similarly permissible under Rule 41(a)(2) since they barred further adjudication and hence were not prejudicial to Alexander Grant.[6]

 Alexander Grant claims that it was harmed by the dismissals, even though the dismissals were with prejudice to the other side, since the dismissals denied Grant a judgment on the merits. We fail to perceive the significance of this semantic debate. As we noted earlier, a dismissal with prejudice gives the defendant the full relief to which he is legally entitled and is tantamount to a judgment on the merits. Grant argues that a judgment on the merits is nevertheless different from—and superior to—a dismissal with prejudice since it vindicates the prevailing party. Grant, however, misconceives the nature of the relief to which it is entitled. Grant is not legally entitled to receive a gold star for its conduct. Although parties may, at times, vindicate their conduct through litigation, the business of courts is to adjudicate legal rights, not to dispense seals of approval. Thus, while a judgment by any other name

may not smell as sweet, a defendant is entitled only to the protection of his legal rights, not to a cleansing of the stench emitted by the plaintiff's complaint.[7]

 Grant also contends that the district court erred by denying its motion for an award of costs. Rule 54(d) directs that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." Under this rule, the decision to award costs turns on whether a party, as a practical matter, has prevailed. Having already held that a dismissal with prejudice may be granted at any time in a lawsuit because it does not prejudice the defendant, we would be inconsistent to deny the defendant "prevailing party" status, since such a denial would be precisely the type of prejudice to the defendant that we claimed would not occur. Because a dismissal with prejudice is tantamount to a judgment on the merits, the defendant in this case—Alexander Grant—is clearly the prevailing party and should ordinarily be entitled to costs. *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1169–70 (5th Cir.1980) ("Although there has not been an adjudication on the merits in the sense of a weighing of facts, there remains the fact that a dismissal with prejudice is deemed an adjudication on the merits for the purposes of *res judicata*. As such, the hospital has clearly prevailed in this litigation.");

plaintiff. In *Smoot* for example, the court issued a writ of mandamus to the district court to grant the plaintiff's motion to dismiss with prejudice, stating "We know of no power in a trial judge to require a lawyer to submit evidence on behalf of a plaintiff, when he considers he has no cause of action or for any reason wishes to dismiss his action with prejudice, the client being agreeable. A plaintiff should have the same right to refuse to offer evidence in support of his claim that a defendant has." 340 F.2d 303, *see also Sheridan*, 531 F.Supp. at 155 (denial of motion to dismiss with prejudice may be an abuse of discretion); 9 C. Wright & A. Miller, *supra*, § 2364, at 163.

6. In granting the dismissals during trial, the district court declared a "mistrial." While the term "mistrial" is generally reserved for jury trials and, in particular, for trials where the jury is discharged without reaching a verdict, some authorities use the term to refer to any trial that

is terminated prior to its normal conclusion, Ed. *Black's Law Dictionary* 903 (5th ed. 1979). Regardless, however, of whether the term is a misnomer when applied to a judge trial, the district court's actions were permissible so long as they did not prejudice the rights of the parties. We are not concerned with terminological niceties but with the substantive actions of the district court. Here, the district court's declaration of a mistrial did not prejudice the defendants and therefore was not an abuse of discretion.

7. Indeed, some courts have held that a dismissal with prejudice cannot be appealed by the defendant. *See A.B. Dick Co. v. Marr*, 197 F.2d 498 (2d Cir.), *cert. denied*, 344 U.S. 878, 73 S.Ct. 169, 97 L.Ed. 680 (1952); 5 J. Moore, J. Lucas & J. Wicker, *Moore's Federal Practice* ¶ 41.05[3] (2d ed. 1985).

*see also Smoot,* 340 F.2d at 303 (granting plaintiff's motion to dismiss with prejudice, "subject to the payment of all court costs by the plaintiff"); *Wainwright Securities,* 80 F.R.D. at 108 (when plaintiff's claim dismissed with prejudice, defendant "is deemed the prevailing party, entitled to recover its costs"); *Stratton Group, Ltd. v. Chelsea National Bank,* 54 F.R.D. 227, 228 (S.D.N.Y.1972) (granting costs to defendant following the dismissal of plaintiff's claims with prejudice); 6 J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice* ¶ 54.70[4], at 1310 (2d ed. 1985); 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2667, at 178–80 (2d ed. 1983); *cf. Nemeroff v. Abelson,* 620 F.2d 339, 350 (2d Cir.1980) (granting award of costs after voluntary dismissal).[8]

The matter cannot be closed here, however, for although Rule 54(d) directs that costs shall be awarded to the prevailing party, it contains the caveat, "unless the court otherwise directs." Rule 54(d) thus confers on the district court the discretion not to award costs to a prevailing party. The court below apparently took this avenue by making Grant bear its own costs.

Normally, our review of a district court decision regarding costs is narrow, and we will reverse only if an abuse of discretion is shown. *Studiengesellschaft Kohle v. Eastman Kodak Co.,* 713 F.2d 128, 131 (5th Cir.1983); *In re Nissan Antitrust Litigation,* 577 F.2d 910, 918 (5th Cir.1978), *cert. denied,* 439 U.S. 1072, 99 S.Ct. 843, 59 L.Ed.2d 38 (1979). Under Rule 54(d), however, there is a strong presumption that the prevailing party will be awarded costs. *Delta Air Lines, Inc. v. August,* 450 U.S. 346, 352, 101 S.Ct. 1146, 1150, 67 L.Ed.2d 287 (1981); *Walters v.*

*Roadway Express, Inc.,* 557 F.2d 521 (5th Cir.1977). "While the rule does not prevent a trial court from requiring a prevailing party to bear its own costs, 'the language of the rule reasonably bears the intendment that the prevailing party is prima facie entitled to costs and it is incumbent on the losing party to overcome that presumption ... [since] denial of costs ... is in the nature of a penalty for some defection on his part in the course of the litigation.' ... *Accordingly, when a trial court exacts such a penalty, it should state reasons for its decision." Id.* at 526 (emphasis added) (quoting *Popeil Brothers v. Schick Electric, Inc.,* 516 F.2d 772, 775 (7th Cir.1975)); *accord Baez v. United States Department of Justice,* 684 F.2d 999, 1004 (D.C.Cir.1982) (en banc) ("Every circuit that has considered the question (ten out of twelve) has not only *recognized* the presumption [in favor of granting costs], but has held that a court may neither deny nor reduce a prevailing party's request for costs without first articulating some good reason for doing so.") (citations omitted); *see also Gilchrist v. Bolger,* 733 F.2d 1551, 1557 (11th Cir.1984); *Pearlstine v. United States,* 649 F.2d 194, 199 (3d Cir.1981).

Here, the district court, without giving any reasons, denied Alexander Grant's motion for an award of costs. Given this silence, it is not even possible to infer from the court's order whether the court erroneously believed that Grant was not a prevailing party, or whether it believed that Grant, despite being a prevailing party, was not entitled to costs for other reasons. We therefore remand to the district court for reconsideration of its decision in light of our holding that Grant is a prevailing party and that, as such, it should normally be entitled to an award of costs. *See Walters,* 557 F.2d at 526–27

---

**8.** In *Mobile Power Enters., Inc. v. Power Vac, Inc.,* 496 F.2d 1311 (10th Cir.1974), the Tenth Circuit stated that while a defendant can receive an award of costs following a dismissal *without* prejudice, he cannot receive an award of costs after a dismissal *with* prejudice. *Id.* at 1312. With all due respect to the court in *Mobile Power,* we are completely at a loss to explain this distinction, unless the court, in interpreting the phrase "dismissal with prejudice," was perhaps confusing prejudice to the plaintiff and to the defendant. A dismissal with prejudice affords a defendant considerably more relief than a dismissal without prejudice. Therefore, we fail to see how the latter could make the defendant a prevailing party if the former does not. *See* 6 J. Moore, W. Taggart & J. Wicker, *supra* ¶ 54.70[4], at 79 n. 16 (Supp. 1984–1985 J. Lucas ed.) (criticizing *Mobile Power*).

(remanding to district court because of failure to state reasons for denial of costs to prevailing party); 6 J. Moore, W. Taggart & J. Wicker, *supra,* ¶ 54.70[5], at 84 (Supp. 1984–1985 J. Lucas Ed.). If the district court determines that Grant is not entitled to costs, it should state its reasons for this conclusion.

### III

Alexander Grant also argues that it is entitled to attorney's fees because the appellees, and their lawyers, brought this action in bad faith.[9] According to Grant, the appellees did not rely on the financial statements audited by Grant when they decided to purchase Franklin Bank, contrary to the assertion in their complaint. Since, in Grant's view, reliance was an essential element of the appellees' claim,[10] the appellees did not have any case against Grant, as they and their lawyers knew, or should have known, at the time that the suit was filed. Grant therefore argues that the suit against it was a sham.[11]

Under the so-called "American rule," a prevailing party cannot normally recover his counsel fees. *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 257, 95 S.Ct. 1612, 1621, 44 L.Ed.2d 141 (1975). This rule, however, is subject to several important exceptions. One of these is that when a party or his lawyer has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons," the court has the inherent equitable power to award attorney's fees to the other side. *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 766, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488 (1980); *Alyeska,* 421 U.S. at 258–59, 95 S.Ct. at 1622; *F.D. Rich Co. v. United States ex rel. Industrial Lumber Co.,* 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974). In addition, under 28 U.S.C. § 1927 (1982), a court may require an attorney to pay the opposing party's counsel fees in any case where he "multiplies the proceedings ... unreasonably and vexatiously."[12] *See Lewis v. Brown & Root, Inc.,* 711 F.2d 1287, 1288, 1292 (1983) (affirming award of attorney's fees under 28 U.S.C. § 1927 for case that

---

**9.** The three appellees who are represented by attorney Margaret Pollard—Anthony Miglicco, Robert Clark, and Herman Lloyd—claim that Grant's counsel admitted that their claims had not been filed in bad faith. In particular, they point to the statement by Grant's counsel during the settlement conference held on August 11, 1983, that Ms. Pollard's clients "may have been reckless in consenting to the filing of the lawsuit, but nevertheless did not, I believe, intentionally file this lawsuit, knowing the facts that were alleged in the complaint to be untrue." 13 Rec. at 4. At the time that this statement was made, however, Miglicco, Clark, and Lloyd had all already been dismissed from the case. From the context, it appears that Grant's counsel was referring only to the clients of Ms. Pollard who were still in the case—that is, the clients who were the subject of the August 11 settlement conference. Therefore, we do not take this statement to constitute an admission regarding Grant's claim for attorney's fees against any of the appellees.

**10.** The appellees claim that reliance was not an essential element of their case, citing *Affiliated Ute Citizens of Utah v. United States,* 406 U.S. 128, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1972), *Shores v. Sklar,* 610 F.2d 235, *vacated,* 617 F.2d 441 (1980), *on rehearing en banc,* 647 F.2d 462 (5th Cir.1981), *cert. denied,* 459 U.S. 1102, 103 S.Ct. 722, 74 L.Ed.2d 949 (1983), and *Rifkin v. Crow,* 574 F.2d 256 (5th Cir.1978). We disagree. As we noted in *Huddleston v. Herman & MacLean,* 640 F.2d 534, 547–48, *modified,* 650 F.2d 815 (5th Cir.1981), *aff'd in pertinent part,* 459 U.S. 375, 103 S.Ct. 683, 74 L.Ed.2d 548 (1983), *Affiliated Ute* merely held that, where a person has an affirmative duty under Rule 10b–5 to disclose material facts relating to the sale of a security, positive proof of reliance on the person's fraudulent omissions is not required; instead, reliance is presumed. The defendant can still prevail, however, by proving that the plaintiff did not rely on the omitted information. 640 F.2d at 548.

**11.** Grant claims that the lead plaintiff, Charles Schwarz, knew of the poor financial condition of the Bank and misrepresented that condition to the other buyers in the syndicate. In Grant's view, suit should have been brought against Schwarz not Grant.

**12.** 28 U.S.C. § 1927 provides:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

"should never have been filed"), *modified,* 722 F.2d 209 (5th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 2690, 81 L.Ed.2d 884 (1984). Grant argues that it is entitled to attorney's fees under both the equitable and statutory rules, as well as under Fed. R.Civ.P. 11, which allows a court to take "appropriate disciplinary action" against attorneys who willfully file false pleadings.

Although an award of attorney's fees, like an award of costs, is committed to the discretion of the trial court and can only be reversed for an abuse of discretion, *Warren v. Reserve Fund, Inc.,* 728 F.2d 741, 748 (5th Cir.1984), the trial court must give reasons for its decisions regarding attorney's fees; otherwise, we cannot exercise meaningful review. *Lee v. Southern Home Sites Corp.,* 429 F.2d 290, 296 (5th Cir.1970); *cf. Commonwealth Oil Refining Co. v. EEOC,* 720 F.2d 1383 (5th Cir.1983) (remanding denial of attorney's fees under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e–5(k), for statement of reasons by district court); *Neidhardt v. D.H. Holmes Co.,* 701 F.2d 553, 555 (5th Cir.1983) (same). A statement of reasons is one of the handmaidens of judging. Where a district court fails to explain its decision to deny attorney's fees, we do not know whether the decision was within the bounds of its discretion or was based on an erroneous legal theory.[13] In such cases, therefore, we must remand for further findings by the district court. *Lee,* 429 F.2d at 296.

Here, Grant made a colorable claim for attorney's fees, arguing that the appellees knew or should have known of the falsity of essential factual allegations in their complaint. *See Kinnear-Weed Corp. v. Humble Oil & Refining Co.,* 324 F.Supp. 1371, 1382–84 (S.D.Tex.1969) (awarding attorney's fees where plaintiff made allegations that it knew or should have known were false), *aff'd,* 441 F.2d 631 (5th Cir.), *cert. denied,* 404 U.S. 941, 92 S.Ct. 285, 30 L.Ed.2d 255 (1971). The district court nevertheless denied Grant's motions for attorney's fees without articulating any reasons, making any findings of fact, or holding any evidentiary hearing. The only indication of the grounds for the district court's decision came during a settlement conference with the attorneys on August 11, 1983, where the district court addressed the plaintiffs' attorneys:

> You are doing this with your eyes open, and you don't have anything—if somebody decides that this case was frivolously filed and frivolously pursued, and y'all are liable for costs and attorney's fees, so be it. But that is not going to be me, because I don't think it is.

13 Rec. at 14.

Although the appellees claim that this statement constitutes an "oral finding of fact" pursuant to Fed.R.Civ.P. 52(a), we do not think that it can be dignified by that term. Findings of fact, be they written or oral, need not be syntactically perfect, nor should they be sullied for employing idiomatic expressions. We must, however, look to the language used by a court to determine whether the judge intended his expression to be a finding of fact and not just a mere aside. Here, it appears from the district court's tenor that the court was washing its hands of the matter rather than making a reasoned judgment that Alexander Grant was not entitled to attorney's fees. Standing alone, the court's statement is insufficient to support the denial of fees.

The district court's general attitude on the attorney's fees question is indicated by another remark that it made during the August 11 settlement conference. After Alexander Grant's attorney requested attorney's fees, the court sarcastically commented, "You mean to say your client has spent four hundred thousand dollars defending a lawsuit that it determined a long time ago was frivolous?" 13 Rec. at

13. For example, in *Durrett v. Jenkins Brickyard, Inc.,* 678 F.2d 911 (11th Cir.1982), the district court erred in interpreting "bad faith" and the appellate court reversed. If the district court had failed to give reasons for its decision, the appellate court would not have known whether the district court had applied the proper test of bad faith, and meaningful review would have been impossible. *See also Carter v. Noble,* 526 F.2d 677, 678–79 (5th Cir.1976) (reversing denial of attorney's fees where district court based denial on erroneous legal theory).

4. Given this statement, it is possible that the court denied attorney's fees on the ground that Grant was wrong to spend so much money in defending a suit that had been frivolously filed. If so, the district court was in error. We agree with the sentiments expressed in *Dayan v. McDonald's Corp.*, No. 70CH 2258 (Ill.Cir.Ct. March 1, 1983):

> It is unbecoming for the plaintiffs to hail the defendant into court by means of false allegations and then to complain when the defendant hires skillful, experienced and expensive advocates to defend against those allegations. Having wrongfully kicked the snow loose at the top, [the plaintiff] must bear the consequences of the avalanche at the bottom.

*Id.*, slip op. at 9.

■ We express no opinion on whether the appellees' claims were in fact brought in bad faith.[14] This is neither the time nor the place to bury the appellees in Grant's tomb. Instead, this issue must be decided, in the first instance, by the district court. We therefore remand the question to the district court for a statement of reasons for its decision. Given the voluminous deposition testimony already presented in this case, it may be that the district court can decide the attorney's fees issue without taking additional evidence. However, if the district court believes that additional evidence is required to determine whether the appellees acted in bad faith, then an evidentiary hearing would be appropriate.[15]

## IV

Although we recognize that this case has already been litigated for nine years—with no apparent benefit to either side—we reluctantly are obliged to prolong it even further. We do not wish to make work for district courts by requiring them to write lengthy opinions whenever a party requests costs or attorney's fees. At the same time, however, we believe that requiring district courts to furnish a brief statement of reasons serves the goal of judicial economy by making possible efficient appellate review. Because the district court failed to articulate any reasons for its decisions to deny costs and attorney's fees, we grant Grant's request to remand.

VACATED AND REMANDED.

---

**14.** Alexander Grant asks us to determine as a matter of law that the appellees acted in bad faith. On the record before us, however, we are unable to do so. Grant introduced evidence showing only that the appellees did not rely directly on the financial statements audited by Grant. This does not necessarily demonstrate bad faith, however. The appellees, for example, might have misinterpreted *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1972), *see supra* note 10, and believed that reliance was not a necessary element of their case. Alternatively, with the exception of Schwarz himself, the appellees might have believed that they relied on the financial statements through the reliance of their agent, Schwarz. In either case, even if neither Schwarz nor the other appellees relied on the financial statements (a factual issue which we do not decide), the suit might nevertheless have been brought in good faith.

**15.** In this regard, we also note the Supreme Court's statement in *Roadway Express* that "[l]ike other sanctions, attorney's fees certainly should not be assessed lightly or without fair notice and an opportunity for a hearing on the record." 447 U.S. at 767, 100 S.Ct. at 2464.