Susan WILSON, Plaintiff–Appellant–Cross–Appellee,

v.

**CITY OF PLANO, TEXAS,** Defendant–Appellee–Cross–Appellant.

No. 97–40947
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 6, 1998.

---

7. The continuance granted to afford Sam's Club ample time to prepare its defense renders its assertion of a denial of due process untenable.

8. Because the effect of the cease and desist order would be the same whether this § 8(a)(1) violation was established by Harris's threats, the Porter–Belt incident, or both, I would not reach whether substantial evidence supported the ALJ's finding that Belt had in fact made the statements attributed to her in Porter's affidavit. While I cannot dispute the majority's recitation of the rules of evidence, the ALJ saw something in Porter's demeanor that we cannot readily appreciate from here, specifically, she was "as reluctant' a witness as one could find." The ALJ feared, with justification, that Sam's Club might escape responsibility for coercive conduct because of the very effectiveness of the coercion.

Nancy Louise DeLeon, Eloise V. Vellucci, Robles & Associates, Dallas, TX, for Wilson.

Ernest E. Figari, Jr., Monica L. Luebker, Figari & Davenport, Dallas, TX, for City of Plano, Texas.

Before WIENER, BARKSDALE and GARZA, Circuit Judges.

PER CURIAM:

Susan Wilson appeals from the summary judgment dismissing her Title VII sexual harassment (hostile work environment) claim against her former employer, the City of Plano, Texas. Wilson contends that there is a material fact issue as to whether the City had actual or constructive knowledge of the alleged harassment and failed to take prompt remedial action; and, alternatively, that there is a material fact issue as to whether the harassing supervisor was an agent of the City and whether his knowledge of the harassment can be imputed to the City. Pursuant to our requisite *de novo* review of the summary judgment record, we AFFIRM essentially for the reasons stated by the district court. *Wilson v. City of Plano, TX*, No. 4:96–CV–190 (E.D.Tex. 7 July 1997) (unpublished).

The City cross-appeals the district court's order requiring it, the prevailing party, to bear its own costs. Pursuant to FED. R.CIV.P. 54(d), except when provided otherwise by statute or rule, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs". Although the district court has broad discretion in determining whether to award costs to a prevailing party, Rule 54(d) creates "a strong presumption that the prevailing party will be awarded costs". *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir.1985). Our court has held that, when a district court declines to award costs to a

prevailing party, it should state its reasons for doing so. *Id.* at 131–32. *See also Hall v. State Farm Fire & Cas. Co.,* 937 F.2d 210, 216–17 (5th Cir.1991); *Walters v. Roadway Express, Inc.,* 557 F.2d 521, 526–27 (5th Cir. 1977). Because the district court did not state reasons for requiring the City to bear its own costs, we REMAND the question of costs to the district court for reconsideration of its decision. If the district court determines that the City is not entitled to costs, it should state its reasons for that decision.

*SUMMARY JUDGMENT AFFIRMED; REMANDED FOR RECONSIDERATION AS TO COSTS AWARD.*