IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-11111
Summary Calendar
_____


DON VENABLE; ET AL

            Plaintiffs

RICHARD E FINLAN

            Plaintiff - Appellant

      v.

WILLIAM KEEVER, ET AL

            Defendants

WILLIAM KEEVER; DENNIS J EICHELBAUM; LAWRENCE J FRIEDMAN;
ALAN B RICH

            Defendants - Appellees


------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:96-CV-580-L
------------------
June 12, 2001

Before KING, Chief Judge and WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Richard E. Finlan appeals the district court's grant of
summary judgment for the defendants in his 42 U.S.C. § 1983
action.  The district court held that Finlan's allegations that
the defendants filed a retaliatory counterclaim in violation of

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

his First Amendment rights to access to the courts and to petition the government did not allege the violation of a clearly established constitutional right.

Finlan argues that he has a constitutional right to file lawsuits free from retaliation by government officials. He contends that it is a clearly established right that the Government cannot take retaliatory action against an individual designed to punish or chill the exercise of First Amendment rights to free speech or to petition the Government. He contends that Keever's declaratory judgment counterclaim was intended to punish him for his First Amendment activities.

Finlan cites Hale v. Townley, 45 F.3d 914, 920 (5th Cir. 1995) and Crowder v. Sinyard, 884 F.2d 804, 813 (5th Cir. 1989) in support of his argument that the right to be free from retaliation for exercising the right of access to the courts was clearly established. However, the right the official is alleged to have violated must have been clearly established in a particularized and relevant sense, meaning that the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Hale, 45 F.3d at 920 (internal quotations and citation omitted). The issue in this case is whether the contours of the right to be free from retaliation for exercising the First Amendment rights in question include the right to be free from a counterclaim.

We rejected an almost identical claim of an alleged retaliatory counterclaim filed by the defendant in a Title VII lawsuit in Scrivener v. Socorro Indep. School Dist., 169 F.3d

969, 972 (5th Cir. 1999). We stated that "[i]t is not obvious that counterclaims or lawsuits filed against a Title VII plaintiff ought to be cognizable as retaliatory conduct under Title VII. After all, companies and citizens have a constitutional right to file lawsuits, tempered by the requirement that the suits have an arguable basis." Id. There is no clearly established right to be free from a counterclaim filed by a government official. The district court addressed Finlan's retaliation claim adequately and properly granted summary judgment for the defendants.

Finlan argues that the district court erred in assessing costs against him because his suit was not frivolous. The decision of the district court to award costs is reviewed for abuse of discretion. Cypress-Fairbanks Indep. School Dist. v. Michael F., 118 F.3d 245, 256 (5th Cir. 1997). Fed. R. Civ. P. 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Rule 54(d) creates a strong presumption that the prevailing party will be awarded costs. Schwarz v. Folloder, 767 F.2d 125, 131 (5th Cir. 1985).

The defendants prevailed, and Finlan offers no argument as to why the district court should not have awarded costs under the standards of Rule 54(d). His argument that the defendants should not have been awarded costs unless his lawsuit was determined to be frivolous is not the correct standard for assessing costs.

We further find that Finlan's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20

(5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  See 5TH CIR. R. 42.2.  Appellee William Keever's motion to accept his appendix as filed is GRANTED.

APPEAL DISMISSED AS FRIVOLOUS; MOTION GRANTED.