# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

-----------------------------------

No. 00-21109
Summary Calendar

-----------------------------------

LEONARD PERRY, doing business as H W Security Co.,

Plaintiff - Appellant - Cross-Appellee,

VERSUS

THE PORT OF HOUSTON AUTHORITY; TED WALTERS,

Defendants - Appellees - Cross-Appellants.

-----------------------------------

Appeal from the United States District Court
for the Southern District of Texas
(H-99-CV-1744)

-----------------------------------

December 12, 2002

Before DAVIS, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:[1]

Leonard Perry appeals from the district court's entry of judgment as a matter of law

setting aside the jury's verdict in his favor on his Section 1983 claims against the Port of Houston

Authority and Ted Walters. Perry contends that the Port of Houston Authority violated his

substantive and procedural due process rights when the authority failed to award him a contract

for security services on which he was the lowest bidder. We agree with the district court that

-----------------------------------

[1] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Perry has no property interest in being awarded the security contract sufficient to uphold his due process claims under 42 U.S.C. § 1983 for essentially the reasons stated by the district court in its Order dated October 26, 2000.

The Port of Houston Authority cross-appeals the district court's order requiring it, the prevailing party, to bear its own costs. Pursuant to Fed.R.Civ. P. 54(d), except when provided otherwise by statute or rule, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court directs otherwise." Although the district court had broad discretion in determining whether to award costs to a prevailing party, Rule 54(d) creates a strong presumption that the prevailing party will be awarded its costs. Wilson v. City of Plano, Texas, 160 F.3d 211, 212 (5th Cir. 1998); Schwartz v. Folloder, 767 F.2d 125, 131 (5th Cir. 1985). Our court has held that, when a district court declines to award costs to a prevailing party, it should state its reasons for doing so. Wilson at 212-13; Schwartz at 131-32. In this case the district court did not state reasons for requiring the Port of Houston Authority to bear its own costs. Accordingly, we remand the issue of costs to the district court for reconsideration. If the district court finds that the Port of Houston Authority is not entitled to costs, it should state its reasons for that decision.

Judgment as a matter of law AFFIRMED; REMANDED for reconsideration of costs award.