# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

---

No. 02-30529

---

DHANPAT MOHNOT; SURENDRA PUROHIT; SUNIL PUROHIT,

Plaintiffs - Appellees,

VERSUS

RAJEEV BHANSALI; ET AL.,

Defendants,

CHRISTOPHER E. KALMUS,

Defendant - Appellant.

---

Appeal from the United States District Court
For the Eastern District of Louisiana
#99-CV-2332

---

March 5, 2003

Before KING, Chief Judge, DAVIS, Circuit Judge and ROSENTHAL[*], District Judge.

W. EUGENE DAVIS, Circuit Judge:[**]

The defendant Christopher Kalmus challenges the district court's order summarily rejecting

---

[*]District Judge of the Southern District of Texas, sitting by designation.

[**]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his claim for sanctions under 28 U.S.C. § 1927 and F.R.C.P. 11.

After rejecting all of plaintiffs' claims as meritless, the district court denied sanctions in the following language:

> **IT IS FURTHER ORDERED** that the parties' respective claims for sanctions are DISMISSED and shall not be considered by this Court. Almost every claim made herein was derivative and dismissed for failure to make the required pre-suit demand on the Board of Directors of the corporations (*i.e.,* ICL or ITIL). Plaintiffs should not take heart in this pronouncement, as they were the instigators, the prime movers and shakers, responsible for breathing life into this war of attrition.

Unfortunately this summary treatment of the defendant's claim for sanctions gives us no insight into the district court's reasoning. As we stated in Schwartz v. Folloder, 767 F.2d 125 (5th Circ. 1985) "where a district court fails to explain its decision to deny attorney's fees we do not know whether the decision was within the bounds of its discretion or was based on an erroneous legal theory."

Our review of the record reveals that Kalmus made a colorable claim for sanctions under § 1927 and F.R.C.P. 11, but because the district court did not explain its reasons for rejecting Kalmus' sanction claim, we must remand this case to the district court to give it an opportunity to explain why it denied this claim. See Schwartz v. Folloder and Copeland v. Wassersten, Perella & Co., Inc., 278 F.3d 472, 484 (5th Cir. 2002). Accordingly, the district court's order dismissing defendant Kalmus' sanctions claim is vacated, and this case is remanded to the district court for further proceedings consistent with this opinion.

VACATED AND REMANDED.