**United States Court of A**
**Fifth Circuit**
**F I L E D**

**March 11, 2004**

Charles R. Fulbrug
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

--------------------
No. 01-11094
--------------------

SANMINA CORPORATION,
Plaintiff-Counter Defendant-Appellant-Cross-Appellee,

v.

BANCTEC USA, INC., Successor by merger to
Banctec Technologies, Inc.,
Defendant-Counter Claimant-Appellee-Cross-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas, Dallas
3:99-CV-665-BC(H)
--------------------

Before JONES, EMILIO M. GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Appellant Sanmina Corporation ("Sanmina") appeals from the district court's partial

grant of summary judgement in favor of Appellee Banctec USA, Inc.  Sanmina also appeals

various evidentiary rulings made by the district court and the district court's denial of Sanmina's

motion to amend its pleadings.  Finally, Sanmina appeals the award of costs and attorney's fees

in favor of BancTec.  For the following reasons we affirm the district court[1] in all respects except

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] This case was presided over by two magistrate judges and a district judge. All action taken by the district judge or either magistrate judge will be referenced in this opinion as that of the district court.

the award of attorney's fees which we vacate.

## I. Preliminary Discussion

We first address Sanmina's argument that the district court erred in granting BancTec partial summary judgment. In its order granting partial summary judgment, the district court held that the Corporate Option Agreement ("COA") was a valid and binding contract and that the "Contract for Usage" ("CFU") was not enforceable.

The district court was correct in holding that the COA was valid and enforceable. Despite Sanmina's argument to the contrary, the COA does indicate a meeting of the minds[2] and was based upon adequate consideration.[3]   Likewise, to be valid, the COA did not need to set a fixed price[4] and Sanmina's affirmative defense  to the enforcement of the contract under the statute of frauds was waived.[5]  Relatedly, we affirm the district court's denial of Sanmina's motion to amend its pleadings.[6]

---

[2]      *See* Tex. Bus. &  Com. Code § 2.204 (2004).

[3]      The COA states in relevant part: "The consideration for the option granted herein is the initial commitment of BancTec to purchase the items actforth [*sic*] in various purchase orders." Whether the consideration was satisfactorily tendered is a question of breech, not sufficiency of the consideration.

[4]      *See* Tex. Bus. &  Com. Code § 2.305(a) (2004).

[5]      Even though Sanmina was the plaintiff in this declaratory judgment action, Sanmina sought to defend against its non-performance under the COA. We see no reason to depart from the general rule that "[i]nvoking the statute of frauds is an affirmative defense which must be specially pled." *Automated Medical Laboratories, Inc. v. Armour Pharmaceutical Co.*, 629 F.2d 1118, 1122 (5th Cir. 1980). Moreover, "[a]lthough absolute specificity in pleading is not required, fair notice of the affirmative defense is." *Id.*

[6]      Sanmina moved for leave to amend its pleadings after the scheduling deadline had passed and offered no justification for the delay. The district court's denial was not an abuse of discretion.  *See* Fed. R. Civ. Pro. 16(b) (2003);  *See also Norman v. Apache Corp.*, 19 F.3d 1017,

2

The district court was also correct in holding that the CFU was unenforceable. Though Sanmina is correct that the Texas UCC statute of frauds only requires a signature and not delivery,[7] prior to applying the statue of frauds, the contract first must have been accepted.[8] It is undisputed that Sanmina did not know that an agent of BancTec signed the CFU until discovery was underway. The signature, therefore, did not manifest acceptance.

With respect to Sanmina's assertion that the district court improperly allowed the jury to consider certain evidence and improperly excluded other evidence, having reviewed the contested rulings, we hold that the district court did not abuse its discretion in this respect.

Sanmina also appeals the district court's award of costs to BancTec. Our review indicates that the district court did not abuse its discretion in determining that BancTec was the prevailing party for the purposes of awarding costs.[9]

## II. Attorney's fees

Having otherwise found no error, we turn to Sanmina's appeal of the district court's award of attorney's fees to BancTec. "[U]nder Texas law, Attorney's fees are not recoverable in an action unless provided for by statute or contract between the parties." *Richter, S.A. v. Bank of America Nat'l Trust & Sav. Ass'n*, 939 F.2d 1176, 1195 (5th Cir. 1991) (internal quotation omitted). The parties agree that there is no statutory basis for awarding Attorney's fees.

---

1021 (5th Cir. 1994).

[7]     *See* Tex. Bus. & Com. Code § 2.201 cmt.6 (2004).

[8]     *See* Tex. Bus. & Com. Code § 2.102 (2004). Section 2.206 requires that acceptance be manifested.

[9]     "Under [Fed. R. Civ. Pro. 54(d)(1) ], the decision to award costs turns on whether a party, as a practical matter, has prevailed." *Schwarz v. Folloder*, 767 F.2d 125, 130 (5th Cir. 1985).

3

The valid contract governing the relationship between the parties, the COA, contained no provision for awarding Attorney's fees. Fees were awarded, however, because the district court interpreted language printed on the back of Sanmina's purchase order acknowledgments to mean that the prevailing party in a suit arising under the COA would receive Attorney's fees.

The relevant language printed on the acknowledgment forms states: "Reasonable Attorney's fees and costs will be awarded to the prevailing party in the event of litigation involving the enforcement or interpretation of this Agreement." The phrase "this Agreement" is not defined in the acknowledgment forms. The district court held that this language was unambiguous and that "this Agreement" referred to the COA. Therefore, the district court reasoned, Attorney's fees were appropriate in this case involving the interpretation and enforcement of the COA.

Upon reviewing the sample acknowledgment form, we conclude as a matter of law, that the Attorney's fees provision therein did not relate to the COA. A fair reading of the entire acknowledgment form indicates that the phrase "this Agreement"as used in the attorney's fees provision and elsewhere on the form, referred only to the form upon which the relevant language was printed. That is, "this Agreement" referred only to the acknowledgment itself. At best, the provision related to the purchase order; but no suit was brought on the purchase orders nor is there a dispute about the same. There is nothing in the document that would lead us to believe otherwise. "The courts will enforce an unambiguous instrument as written; and, in the ordinary case, the writing alone will be deemed to express the intention of the parties." *Sun Oil Co. v. Madeley*, 626 S.W.2d 726, 728 (Tex. 1981). Absent some indication within the

acknowledgment that the attorney's fees provision related to a dispute arising under another document, we must enforce the provision as written.

The district court, therefore, erred in interpreting the Attorney's fees language of the acknowledgment forms to provide for attorney's fees in suits stemming from the COA. Because the district court's determination was erroneous as a matter of law, the district court abused its discretion by awarding Attorney's fees on this basis.[10]  There is no other basis upon which the award of Attorney's fees could be affirmed.  Accordingly, we must vacate the award.

### III. Conlcusion

The district court erred by awarding BancTec Attorney's fees. The district court's grant of Attorney's fees, therefore, is VACATED.  In all other respects the district court is AFFIRMED.

---

[10]  We review an award of Attorney's fees based upon a contract for abuse of discretion. *See General Electric Credit Corp. v. The Oil Screw Triton*, VI, 712 F.2d 991, 995 (5th Cir. 1983).  "A trial court abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence." *Bocanegra v. Vicmar Servs.*, 320 F.3d 581, 584 (5th Cir. 2003).