United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 03-30926
_____

MACK FELTON, JR.,

Plaintiff - Appellant,

and

TRACIE L. WASHINGTON,

Appellant,

versus

DILLARD UNIVERSITY,

Defendant-Appellee
_____

HASAN KRAD, DR.,

Plaintiff - Appellant,

versus

DILLARD UNIVERSITY,

Defendant - Appellee
_____

ELYRIA ZUNIGA,

Plaintiff - Appellant,

versus

DILLARD UNIVERSITY,

Defendant - Appellee
_____

HADI ALKAHBY, DR.,

Plaintiff - Appellant,

                             versus

DILLARD UNIVERSITY,

                                      Defendant - Appellee
_____

LAWRENCE R. WILLIAMS, SR.,

                                      Plaintiff - Appellant,

                             versus

DILLARD UNIVERSITY,

                                      Defendant - Appellee
_____

GLENDA JOHNSON, DR.,

                                      Plaintiff - Appellant,

                             versus

DILLARD UNIVERSITY,

                                      Defendant - Appellee
_____

              Appeals from the United States District Court
                  for the Eastern District of Louisiana
          USDC No. 01-CV-3808-B; 02-CV-2971-B; 02-CV-2972-B;
                02-CV-2973-B; 02-CV-2974-B; 02-CV-2975-B
_____

Before KING, Chief Judge, JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Tracie L. Washington served as counsel for the plaintiffs in

a group of related employment discrimination actions against

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

Dillard University. Upon a motion by Dillard, the district court entered a protective order barring Washington from engaging in any ex parte communications with Dillard's managerial level employees or faculty members. Washington, however, contacted the dean of Dillard's nursing division to inquire as to whether she was still employed by the university. Dillard contended that the telephone call violated the protective order and filed a motion for sanctions under FED. R. CIV. P. 37(b). In a September 5, 2003 order, the district court only took the motion under advisement, but simultaneously directed Washington to perform one hundred hours of community service within sixty days. Washington sought a stay of the order pending appeal, but it was denied. Washington completed the community service and, some five months later, the judge dismissed the motion for sanctions. Washington appeals the district court's September 5 community service order, arguing that it constitutes an abuse of discretion. This appeal has been briefed and argued before this panel and it is evident that this aberrant sanctions case has value only to the parties, who well understand the facts and issues. We therefore only briefly address the issues and hold as follows.

The case is not moot. Although the community service was completed, the September 5, 2003 order by which it was imposed remains in the public record and may affect Washington's ability to attract clients and represent them effectively. This represents a

3

significant collateral consequence of the sanction. See Dailey v. Vought Aircraft Co., 141 F.3d 224, 228 (5th Cir. 1998).

Although the district court stated that it was taking the motion for sanctions under advisement, it in fact imposed an express sanction on Washington by ordering her to perform one hundred hours of community service within sixty days. The district court gave no explanation for its decision to impose this community service sanction, notwithstanding that it was both relatively severe and imposed in an unorthodox manner. This court has made it quite clear that a trial court should provide reasons for its decisions regarding attorney sanctions, such that we can exercise meaningful review. See, e.g., Copeland v. Wasserstein, Perella & Co., Inc., 278 F.3d 472, 485-86 (5th Cir. 2002) (quoting Schwartz v. Folloder, 767 F.2d 125, 133 (5th Cir. 1985)).

In cases where a district judge gives no reasons for a decision regarding attorney sanctions, our usual course of action is to remand in order to give the judge an opportunity to provide explanation. See, e.g., Copeland, 278 F.3d at 485-86. Here, however, we find the district court's method of meting out sanctions to be an inherent abuse of judicial discretion.

The district court was incorrect in disclaiming that the community service was a sanction. One hundred hours of an attorney's time represents a substantial cost, particularly where the window for compliance is so brief. Thus, by ordering Washington to devote one hundred hours of her time to community

4

service, while inexplicably denying that any sanction had been imposed, and later dismissing the motion for sanctions precisely because the community service had been completed, the district court did not reasonably exercise its sanction power. The judge erred in two significant ways. First, he effectively barred meaningful appellate review by withholding the formal disposition of the motion for sanctions until the community service (which is functionally irreversible) had been completed. Second, he made the question of whether sanctions should be imposed contingent upon whether those very sanctions had been completed.

We hold that the district judge's disposition of the motion for sanctions in this case constituted an abuse of discretion. The district court's order of September 5, 2003 is, therefore,

VACATED.

5