United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 2, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 04-50878
Summary Calendar

MELODY G. JORDEN,

Plaintiff-Appellant,

versus

JOHN E. POTTER, Postmaster General,
U.S. Postal Service,

Defendant-Appellee.

Appeal from the United States District Court for
the Western District of Texas
(USDC No. 03-CV-240)

Before REAVLEY, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Reviewing the evidence de novo, we affirm the district court's grant of

summary judgment in favor of the defendant for the following reasons:

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion
should not be published and is not precedent except under the limited circumstances
set forth in 5TH CIR. R. 47.5.4.

1. Jorden has not established the fourth element of a prima facie case of age discrimination. She has produced no evidence supporting her assertions that defendant has targeted older workers for termination to avoid paying retirement benefits or that the conduct for which she was fired did not warrant termination under the Last Chance Agreement. *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (stating that unsupported allegations are insufficient to defeat a motion for summary judgment). Defendant's decision not to discipline the younger employee involved in the incident does not lead to an inference of discrimination because Jorden and the younger employee were not in nearly identical circumstances. *Bryant v. Compass Group USA Inc.*, __ F.3d __, 2005 U.S. App. LEXIS 11419, *15 (5th Cir. 2005). The evidence before the employer suggested that Jorden instigated the incident and the younger employee was not employed subject to a Last Chance Agreement.

2. The district court's award of costs to defendant was appropriate. Federal Rule of Civil Procedure 54(d) provides for an award of costs to the prevailing party. "[T]here is a strong presumption that the prevailing party will be awarded costs." *Schwarz v. Folloder*, 767

F.2d 125, 131 (5th Cir. 1985). "[O]ur review of a district court decision regarding costs is narrow, and we will reverse only if an abuse of discretion is shown." *Id*. Jorden has not established an abuse of discretion by the district court.

Affirmed.