# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 9, 2008

Charles R. Fulbruge III
Clerk

No. 08-60308
Summary Calendar

SYLVESTER BURKES,

Plaintiff-Appellant,

v.

GREGORY WAGGONER, Leake County Sheriff,
Individually and in His Official Capacity;
MARK WILCHER, Leake County Investigator,
Individually and in His Official Capacity,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
No. 3:06-CV-142

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sylvester Burkes was arrested on September 19, 2004, on an outstanding warrant for trespass. On September 22, while he was still being detained, a new arrest warrant was issued in connection with the September 17 robbery of Pearl Hill Mini Mart in Carthage, Mississippi, and the murder of its proprietor, Peggy Nowell. Burkes was charged with those crimes. At least two confidential informants provided information between September 17 and September 22 connecting Burkes to the robbery and murder. When officers questioned him, before the second warrant issued, about his whereabouts during the robbery and murder, his statements conflicted with those of his co-defendant.

Burkes was held for thirteen months before the government filed a motion for nolle prosequi. The motion was granted, and Burkes was released. He then sued for damages under 42 U.S.C. § 1983 and the Mississippi Tort Claims Act ("MTCA"), alleging that his rights were violated by Sheriff Gregory Waggoner, Investigator Mark Wilcher, and others involved in his prosecution. All of the defendants moved for summary judgment, which the district court granted. The court also awarded costs to the defendants.

Burkes appeals only as to Waggoner and Wilcher in their individual capacities. He argues that the district court wrongly held that Waggoner and Wilcher were protected against the § 1983 claim by qualified immunity and did not act with reckless disregard as required to recover damages under the MTCA. We review a summary judgment de novo, viewing the facts in the light most favorable to the nonmoving party. Whitt v. Stevens County, 529 F.3d 278, 282 (5th Cir. 2008). Burkes also appeals the award of costs, which we review under the abuse-of-discretion standard. Schwarz v. Folloder, 767 F.2d 125, 131 (5th Cir. 1985). We find no error and affirm.

## I.

Police officers performing discretionary functions are immune from suit

under the qualified immunity doctrine. That is, they are immune unless their actions "violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

Burkes contends that his arrest on September 19 violated his rights under the Fourth and Fourteenth Amendments, because Waggoner and Wilcher did not at that time have probable cause to believe he committed the robbery and murder. This argument ignores the fact that Burkes was initially arrested not for robbery and murder, but for trespass. There was an outstanding arrest warrant for him on the trespass charge, and he makes no attempt to argue that the warrant was invalid. Waggoner and Wilcher therefore did not violate his rights by arresting him. See Smith v. Gonzales, 670 F.2d 522, 526 (5th Cir. 1982) ("Where an arrest is made under authority of a properly issued warrant, the arrest is simply not a false arrest.").

Burkes suggests that he was improperly charged with robbery and murder, because probable cause did not exist at the time the charges were brought. This argument also fails. Probable cause requires enough evidence that a reasonable police officer could believe Burkes had committed the crimes with which he was charged. See Haggerty v. Tex. S. Univ., 391 F.3d 653, 656 (5th Cir. 2004). The evidence Waggoner and Wilcher had obtained by the time Burkes was charged with robbery and murder meet this standard. As the district court noted, the officers received information from at least two confidential informants, and Burkes did not have a coherent alibi for the time the crime was committed.

II.

Burkes asserts that Waggoner and Wilcher acted with reckless disregard for his well-being, which would entitle him to relief under the MTCA, MISS. CODE ANN. § 11-46-9(1). Because the officers had probable cause, their actions

could not have been taken with reckless disregard. Burkes's claim under the MTCA therefore fails.

III.

Burkes objects to the assignment of the defendants' court costs to him. Federal Rule of Civil Procedure 54(d)(1) creates a presumption that costs will be awarded to the prevailing party. Burkes does not provide any material reason to overcome either the presumption in favor of awarding costs or the high bar of abuse-of-discretion review.

The summary judgment and the award of costs are AFFIRMED.