**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAYENDRA A. SHAH, MD, | No. 08-56383 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-07446-CAS-CW |
| v. | |
| COUNTY OF LOS ANGELES; CHARLES STEWART, a physician allegedly employed by the County; STEPHEN MORRIS, an attorney, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted August 31, 2010
Pasadena, California

Before: KOZINSKI, Chief Judge, O'SCANNLAIN and GOULD, Circuit Judges.

The district court granted summary judgment to the defendants on Shah's

claims of discrimination under 42 U.S.C. §§ 1981, 1983 and his claim of retaliation

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

under § 1983. The district court also awarded attorney's fees to the defendants in the amount of $162,383.00.

I

The district court did not err in granting summary judgment to the defendants on Shah's discrimination and retaliation claims under 42 U.S.C. §§ 1981, 1983. Section 1981 provides for a four-year statute of limitations. Shah's § 1981 claim arising from conduct occurring before December 26, 2003 is therefore time-barred. *See* 28 U.S.C. § 1658(a); *see also Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382–83 (2004). Section 1983 provides for a two-year statute of limitations. Shah's § 1983 claims arising from conduct occurring before December 26, 2005 are therefore time-barred. *See* Cal. Civ. Proc. Code § 335.1 (West Supp. 2004); *see also Maldonado v. Harris*, 370 F.3d 945, 954–55 (9th Cir. 2004). All of Shah's claims arising from conduct occurring before September 16, 2003, are also barred by the doctrine of *res judicata*. *See Shah v. Cnty. of Los Angeles Dept. of Health Servs.*, No. B170465, 2005 WL 477960 (Cal. Ct. App. Mar. 2, 2005).

With respect to Shah's claims of discrimination arising under §§ 1981 and 1983, involving post-2003 and post-2005 conduct respectively, the district court did not err in granting summary judgment to the defendants, because Shah failed to

present any evidence of discriminatory motive. *See Dominguez-Curry v. Nevada Transp. Dept.*, 424 F.3d 1027, 1037 (9th Cir. 2005); *Sischo-Nownejad v. Merced Cmty. College Dist.*, 934 F.2d 1104, 1112 (9th Cir. 1991). With respect to Shah's claim of retaliation under § 1983, the district court properly granted summary judgment to defendants because Shah failed to present evidence of a close "proximity in time" between his allegedly protected speech and the County's allegedly retaliatory conduct. *See Alpha Energy Savers, Inc. v. Hansen*, 381 F.3d 917, 929 (9th Cir. 2004). In short, Shah failed to present evidence giving rise to a genuine issue of material fact with respect to his discrimination and retaliation claims.

## II.

The district court did not err in awarding attorney's fees to defendants. "[I]n any action or proceeding to enforce a provision of sections 1981 [or] 1983, the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. We are satisfied that the defendants were the "prevailing part[ies]" in the district court. *See Zenith Ins. Co. v. Breslaw*, 108 F.3d 205, 207 (9th Cir. 1997) (per curiam) ("[D]ismissal with prejudice is tantamount to a judgment on the merits." (quoting *Schwarz v. Folloder*, 767 F.2d 125, 130 (5th Cir. 1985)). Although the district court failed to "provide any

explanation regarding its conclusion that plaintiff's suit [was] frivolous," there is ample support in the record for the award of attorney's fees. *Patton v. Cnty. of Kings*, 857 F.2d 1379, 1381 (9th Cir. 1988) ("[W]hen a court does not enter a specific finding of fact or conclusion of law, we will uphold the result if there is a reasonable view of the record to support it."). The record indicates that Shah had previously filed substantially similar complaints in both state and federal court. Absent new allegations of wrongdoing, Shah should have known that he had no chance of prevailing in this case. Shah's inability to present a single piece of evidence supporting his claims of discrimination and retaliation undermine his assertion that his claims were not frivolous. We deny without prejudice the county's request for attorney's fees on appeal because the request must be made by separate motion "supported by a memorandum showing that the party seeking fees is legally entitled to them." 9th Circuit Rule 39-1.6(b).[1]

AFFIRMED.

---

[1] Appellees' Request for Judicial Notice, filed with this court on February 2, 2010, is GRANTED in full.