# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 21, 2011

No. 10-50136
Summary Calendar

Lyle W. Cayce
Clerk

Consolidated with 10-50443

BRENDA SHAW, Individually and as Next Friend to C.M., a Minor; LAKISHA
MCCALISTER,

Plaintiff - Appellant

v.

PHIL HARDBERGER, Mayor, City of San Antonio, in his Official Capacity, City
of San Antonio; SAPD OFFICER K. ALLEN, Individually and in Official
Capacity; SAPD OFFICER R. LUNA, Individually and in Official Capacity;
SAPD OFFICER JASON J. BRISENO, Individually and in Official Capacity;
CASEY CAMPOS, Individually and in Official Capacity; GERALD FULLER,
Individual and in Official Capacity; DAVID MCELWAIN, Individually and in
Official Capacity,

Defendants - Appellees

_____

BRENDA SHAW, Individually and as Next Friend to C.M., a Minor,

Plaintiff - Appellant

v.

PHIL HARDBERGER, Mayor, City of San Antonio, in his Official Capacity, City
of San Antonio; K. ALLEN, SAPD Officer, Individually and in Official Capacity;
R LUNA, SAPD Officer, Individually and in Official Capacity; JASON J.
BRISENO, SAPD Officer, Individually and in Official Capacity; CASEY
CAMPOS, Individually and in Official Capacity; GERALD FULLER, Individual

No. 10-50136
c/w No. 10-50443

and in Official Capacity; DAVID MCELWAIN, Individually and in Official Capacity,

Defendants - Appellees

---

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:06-CV-751

---

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiffs Brenda Shaw and Lakisha McCalister seek leave to proceed in forma pauperis (IFP)in their consolidated appeal of the district court's grant of summary judgment in favor of San Antonio police officers Katie Allen, Ryan Luza, Jason J. Briseno, David McElwain, Casey Campos, and Gerald Fuller in the plaintiffs' civil suit against the officers, the City of San Antonio, and San Antonio Mayor Phil Hardberger. They also move for leave to file an out-of-time reply brief. The district court denied the plaintiffs' motions for leave to proceed IFP on appeal under 28 U.S.C. § 1915(a) on the basis that the appeals were not being taken in good faith.

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." § 1915(a)(3); *see Baugh v. Taylor*, 117 F.3d 197, 199-200 (5th Cir. 1997). The plaintiffs' IFP motions and brief are construed as a challenge to the district court's certification. *See Baugh*, 117 F.3d at 202.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The plaintiffs do not, as they did in their complaint, raise any claims against Hardberger, the City of San Antonio, Luza, or Briseno, and they do not allege any claims on behalf of Carl or John McCallister. Additionally, they do not, as they did in their complaint, raise any state law negligence, intentional tort, or malicious prosecution claims, nor do they assert that any of their claims arise under 42 U.S.C. §§ 1981 or 1985(3). To the extent that any of the district court's orders concerning these claims and parties are appealable, the plaintiffs have abandoned those claims by failing to brief them. *See Hughes v. Johnson*, 191 F.3d 607, 612-13 (5th Cir. 1999); *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986).

The defendants argues that this court lacks jurisdiction to consider any of the plaintiffs' claims other than McCalister's 42 U.S.C. § 1983 excessive force claim against Officer Katie Allen because the plaintiffs stated in their notice of appeal that they were appealing only the denial of their motion to reconsider the district court's grant of the defendants' motion for summary judgment, and the motion to reconsider addressed only McCalister's excessive force claim against Allen. However, because the plaintiffs referenced the grant of the defendants' motion for summary judgment in their IFP motion and because the Government does not allege any prejudice, the plaintiffs' notice of appeal should be liberally construed as merely mislabeling the judgment being appealed, and it should not bar the plaintiffs' appeal of any summary judgment-related issues. *See Turnbull v. United States*, 929 F.2d 173, 177 (5th Cir. 1991).

The plaintiffs argue that the district court's grant of the defendant police officers' motion for summary judgment was improper because it was the officers' second motion for summary judgment and because the second motion for summary judgment did not provide any new facts or law than the officers' first motion for summary judgment, which the district court denied in part. However, the district court's denial in part of the officers' first motion for summary

judgment was without prejudice and was based on the district court's inability to consider the issues raised at the time due to a procedural issue. Under these circumstances, the district court's decision to consider a second motion for summary judgment should be left to the district court's discretion. *See Enlow v. Tishomingo Cty,* 962 F.2d 501, 506-07 & n.16 (5th Cir. 1992).

The plaintiffs argue that there was a genuine issue of material fact concerning the issue whether Officers Allen, McElwain, Campos, and Fuller were entitled to qualified immunity from the plaintiffs' 42 U.S.C. § 1983 Fourth Amendment excessive force claims due to the objective unreasonableness of the officers' actions. They further contend that because the officers did not raise the issue of injury their motion for summary judgment, the district court erred in granting summary judgment concerning their excessive force claims on that basis. However, the defendants demonstrated the absence of a genuine issue of material fact concerning their qualified immunity defense to the plaintiffs' Fourth Amendment excessive force claims. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Therefore, because the plaintiffs did not provide any competent summary judgment evidence of any injuries that they received and because proof of injury is necessary for the success of a Fourth Amendment excessive force claim, the plaintiffs have not shown that there was a genuine issue of material fact. *See* FED. R. CIV P. 56(e)(2); *Hill v. Carroll Cty., Miss.*, 587 F.3d 230, 234 (5th Cir. 2009) (requiring a plaintiff to show, inter alia, injury, to succeed on a Fourth Amendment excessive force claim); *Whitt v. Stephens County*, 529 F.3d 278, 282 (5th Cir. 2008).

Finally, Shaw argues that the district court's taxation of costs against her in favor of Hardberger should be vacated because she is indigent and because her claims were nonfrivolous and were raised for the public benefit. However, § 1915(f)(1) expressly provides that when a party proceeds IFP, "[j]udgment may be rendered for costs at the conclusion of the suit or action as in other

proceedings," and Shaw has not shown that her case was nonfrivolous. Accordingly, the district court did not abuse its discretion in taxing Shaw for costs.  *See Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985).

In light of the foregoing, the plaintiffs have not shown that their appeals involve legal points arguable on their merits (and therefore not frivolous)." *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  Accordingly, the plaintiffs' motions for leave to proceed IFP on appeal are denied, and the plaintiffs' appeals are dismissed as frivolous.  *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

DENY MOTIONS FOR LEAVE TO PROCEED IFP ON APPEAL; GRANT MOTION TO FILE OUT-OF-TIME REPLY BRIEF; DISMISS APPEAL AS FRIVOLOUS.