# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-20277

GUILHERME CASALICCHIO,

     Plaintiff - Appellee

v.

BOKF, N.A., doing business as Bank of Texas,

     Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

March 6, 2020

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-160

Before JOLLY, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

In a companion case, No. 19-20246, we affirmed a district court judgment dismissing various claims brought by debtor Guilherme Casalicchio, who had sought to void a foreclosure sale of his residence. In this appeal, Casalicchio's lender, BOKF, N.A. ("BOKF"), challenges the district court's denial of its request for attorney's fees.[1] BOKF relies, principally, on a deed-of-trust

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] BOKF moved to consolidate the cases, but we denied that motion. Here, in contrast to the companion case, the Federal Home Loan Mortgage Corporation is not a party. Thus,

provision purporting to allow it to "charge [Casalicchio] fees for services performed in connection with [his] default, . . . including . . . attorney's fees."

This provision seems a plausible basis for awarding attorney's fees, particularly because an earlier panel of this court chose to award attorney's fees in a case featuring an identical deed-of-trust provision. *See In re Velazquez*, 660 F.3d 893, 900 (5th Cir. 2011). We are, however, unable to reach the merits of the district court's denial of fees because the order denying fees does not provide any analysis or reasoning. "A district court must explain its decision to deny fees, and if, as here, it fails to give any explanation, we must remand." *N. Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 485 (5th Cir. 2018) (quotation omitted). To the point, when the district court denies attorney's fees in such a manner as to "deprive[] [us] of the benefit of [its] reasoning," we "cannot exercise meaningful review." *CenterPoint Energy Hous. Elec. LLC v. Harris Cty. Toll Rd. Auth.*, 436 F.3d 541, 550 (5th Cir. 2006); *Schwarz v. Folloder*, 767 F.2d 125, 133 (5th Cir. 1985).

Thus, in accordance with our precedents, we VACATE the district court's order denying attorney's fees and REMAND for further proceedings not inconsistent with this opinion.

---

because this appeal involves distinct (albeit overlapping) parties, and because the legal issue here is clearly severable from those raised in the companion appeal, we exercised our discretion under Federal Rule of Appellate Procedure 3(b) to resolve the appeals separately. *See* Fed. R. App. P. 3(b)(2) (noting that "appeals *may* be joined or consolidated by the court of appeals" (emphasis added)).