United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 25, 2003**

Charles R. Fulbruge III
Clerk

**REVISED JUNE 27, 2003**

**UNITED STATES COURT OF APPEALS**

**For the Fifth Circuit**

No. 02-40564

FRANK BROOKS,

Plaintiff - Appellant,

VERSUS

RAYMOND DUGAT COMPANY L C

Defendant - Appellee.

Appeal from the United States District Court
For the Southern District of Texas, Corpus Christi

Before DeMOSS and STEWART, Circuit Judges, and LITTLE,[1] District
Judge.

DeMOSS, Circuit Judge.

On May 1, 2001, Appellant Frank Brooks ("Brooks") brought suit
against Appellee Raymond Dugat Company L C, ("Dugat"), claiming a
cause of action for maintenance and cure under the General Maritime
Law for a slip and fall he suffered on the M/V Amanda on June 2,

---

[1] District Judge of the Western District of Louisiana,
sitting by designation.

1998.  Brooks had filed a similar suit, including a claim for maintenance and cure, against Dugat in May of 2000 but voluntarily moved to dismiss all of his claims with prejudice.  The operative facts and maintenance and cure causes of action are the same in both suits.

On January 15, 2002, Dugat filed a Motion for Summary Judgment in the instant suit.  Dugat claimed that Brooks's instant suit was barred by claim and issue preclusion or alternatively that Dugat was not the employer of Brooks when he was injured.  Brooks opposed the motion contending that claim and issue preclusion were inapplicable and that Dugat was his employer when he was injured.

On March 4, 2002, the United States District Court for the Southern District of Texas granted Dugat's Motion for Summary Judgment and found that Brooks's claim was barred by claim preclusion.  The court did not address issue preclusion or whether Dugat was Brooks's employer at the time of the injury. Brooks now appeals the granting of summary judgment.

We review a district court's grant of summary judgment *de novo*. *Young v. Equifax Credit Info. Servs. Inc.*, 294 F.3d 631, 635 (5th Cir. 2002).  Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P.

2

56(c).

For claim preclusion to apply, the following four requirements must be met: (1) the parties must be identical in both suits; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same cause of action must be involved in both suits. *U.S. v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994) (citation omitted). If these four requirements are met, a party cannot raise a claim in a later proceeding that was, or could have been, raised in the prior proceeding. *Id.*

All the requirements are met in the instant suit. The first and second requirements are not disputed – the parties are identical and the court that rendered the prior judgment, which coincidentally was the same district court that decided the instant summary judgment motion, was a court of competent jurisdiction.

The third requirement, that there be a final judgment on the merits in the prior proceeding, is also met. A dismissal with prejudice is a final judgment on the merits. *Schwarz v. Folloder*, 767 F.2d 125, 129-130 (5th Cir. 1985).

The fourth requirement, that the same cause of action is involved in both suits, is also met. To determine whether the two suits involve the same cause of action, this Court applies the transactional test and asks whether the two suits involve the same nucleus of operative facts. *Agrilectric Power Partners, Ltd., v.*

*General Elec. Co.*, 20 F.3d 663, 665 (5th Cir. 1994). Both the instant suit and prior suit involve the exact same facts.

Even though these four requirements are met, the present appeal focuses on the application of claim preclusion to a maintenance and cure claim. The fact that a maintenance and cure claim is involved, however, does not affect the instant suit.

The right to maintenance and cure is ongoing and serial suits may be brought to collect maintenance and cure payments as they come due. *Pelotto v. L & N Towing Co.*, 604 F.2d 396, 398 (5th Cir. 1979). A seaman cannot be denied the right to sue for maintenance and cure before such a claim has accrued. *Cooper v. Diamond M Co.*, 799 F.2d 176, 179 (5th Cir. 1986). Nonetheless, claim preclusion still applies to admiralty proceedings, including claims for maintenance and cure. *Pelotto*, 604 F.2d at 401.

In *Pelotto v. L & N Towing Co.*, the plaintiff brought an admiralty action but did not initially include a claim for maintenance and cure. *Id*. at 398. The plaintiff later asserted a claim for maintenance and cure, but that issue was never addressed because the defendants agreed to pay maintenance and cure claims incurred by the plaintiff for a certain period of time. *Id*. at 399. The plaintiff did pursue his other claims against the defendants and ultimately prevailed. *Id*. When the defendants stopped making maintenance and cure payments, the plaintiff then brought a maintenance and cure claim. *Id*. The district court

granted summary judgment against the plaintiff on the grounds of res judicata or claim preclusion. *Id*. at 400. This Court reversed the district court and held that the plaintiff's failure to claim maintenance and cure in his initial suit did not bar the plaintiff's later action for maintenance and cure. *Id*. at 402. This Court explained that even if the plaintiff brought his maintenance and cure claim in the initial suit, there would still be no bar to bringing the maintenance and cure claim in the later suit because, and contrary to the instant suit, no determination had ever been entered that the defendants were not required to pay maintenance and cure in the first instance. *Id*. at 401-02. This Court, however, also stated that if the plaintiff had claimed maintenance and cure in his initial suit and an "identifiable finding" had been made fixing the maximum cure, res judicata or claim preclusion would bar the plaintiff's subsequent claim that was outside of the fixed maximum cure. *Id*. at 402 n.12.

We agree with the district court's determination in this suit that the logical conclusion drawn from Fifth Circuit precedent is that, if a finding has been made that the plaintiff is not due maintenance and cure, then claim preclusion would bar all subsequent claims for maintenance and cure. Brooks's dismissal with prejudice was tantamont to a judicial determination of his non-entitlement to maintenance and cure arising out of his slip and fall on June 2, 1998. *See Schwarz*, 767 F.2d at 129-30. Thus,

5

because a plaintiff must be entitled to maintenance and cure before any recovery can be obtained, the district court correctly dismissed Brooks's second maintenance and cure suit. To hold otherwise, would result in claim preclusion never applying to maintenance and cure claims. Therefore, before any recovery for maintenance and cure can be had, a plaintiff must be entitled to it and in order to be entitled to maintenance and cure a plaintiff cannot have previously asserted a maintenance and cure claim that was dismissed with prejudice. Accordingly, we affirm the district court's granting of summary judgment for the reasons articulated by the district court.

**AFFIRM**