# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30014

United States Court of Appeals
Fifth Circuit

**FILED**

April 4, 2017

Lyle W. Cayce
Clerk

WILLIAM J. BURLEIGH, IV; KANDACE BURLEIGH,

> Plaintiffs – Appellees,

v.

KENNETH JAMES; LBM, INCORPORATED; TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,

> Defendants – Third Party Plaintiffs – Appellants,

v.

UNITED STATES OF AMERICA,

> Third Party Defendant – Appellee.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:15-CV-666

---

Before DAVIS, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30014

This case involves the removal to federal court of a lawsuit arising out of a car accident. After the car accident, the Burleighs sued James in state court and James removed, alleging he was a federal employee under the Federal Tort Claims Act (FTCA). James joined the United States as a third-party defendant, after which the district court simultaneously granted the Burleighs' motion to remand for lack of jurisdiction and entered a final judgment, dismissing with prejudice the claim against the United States. We agree that the district court lacked jurisdiction. Likewise, we lack jurisdiction to review the district court's remand order. Moreover, because the district court lacked jurisdiction to issue a final judgment, we REMAND to the district court the dismissal of the United States with prejudice as a defendant with instructions to dismiss without prejudice.

## I.

Kenneth James worked for LBM, Inc., which contracted with the U.S. Army to provide transportation services. James was driving a busload of soldiers to the airport when he allegedly turned left in front of William and Kandace Burleigh's car, colliding with it. The Burleighs sued James, LBM, and its insurance company in Louisiana state court for state law tort claims. James removed the case to federal court, alleging he was a federal employee within the course and scope of his employment at the time of the crash, triggering the Federal Tort Claims Act (FTCA) and federal question jurisdiction. The Burleighs filed an opposed motion to remand.

James asked the Attorney General to certify that his actions were within the scope of federal employment, which 28 U.S.C. § 2679(d) requires to add the United States as a defendant. The Attorney General declined to certify that James's actions were within the scope of federal employment. James then filed a third-party demand against the United States to have it substituted as the proper defendant in this case under 28 U.S.C. § 2679(d). The United States

No. 16-30014

filed a Rule 12(b)(1) motion to dismiss the claims against it for lack of subject-matter jurisdiction.

The magistrate judge issued a report and recommendation that the Burleighs' motion to remand to state court be granted. The magistrate judge determined that the U.S. government did not exert any meaningful control over James, so he was not a federal employee, but was instead an independent contractor. The magistrate judge reasoned that the government's alleged physical control was limited to regulations and standards like hours and dress code, while LBM ensured the individuals had appropriate education, training, experience, certification, and licensing, making James more like a contractor under the Restatement of Agency. Accordingly, the magistrate judge determined that because James was not a federal employee, the FTCA did not apply and the federal court lacked jurisdiction.

The district court adopted the magistrate judge's recommendation and remanded the case back to state court. In a separate, final judgment in the same order, however, the district court dismissed the United States as a defendant with prejudice. James appeals both the remand order and the dismissal of the United States with prejudice.

## II.

The first issue is whether remand was appropriate. Generally, we lack jurisdiction to review the appeal of the district court's remand order and no exceptions to this general bar apply. *See* 28 U.S.C. § 1447(d) ("An order remanding a case to the state court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case . . . pursuant to section 1442 or 1443 . . . shall be reviewable by appeal or otherwise."); *see also Mitchell v. Carlson*, 896 F.2d 128, 131 (5th Cir. 1990) ("Section 1447(d) applies to all remands for lack of jurisdiction pursuant to

No. 16-30014

§ 1447(c). The Westfall Act [28 U.S.C. § 2679] contains no provision . . . excepting it from the operations of §§ 1447(c) or (d).").

An exception to the bar against review of a remand order on appeal exists if the case was removed pursuant to 28 U.S.C. § 1442. Section 1442 pertains to suits against the federal government. Although this case was not filed originally against the federal government, James argued in the district court and argues now on appeal that the federal government should be substituted as a defendant.[1] This case was removed pursuant to §§ 1441 and 1446, because James alleged federal question jurisdiction. As the district court correctly concluded, this case is not a § 1442 case "in disguise," because the Burleighs did not sue the United States, and James's attempted joinder of the United States was improper.

Because the district court lacked jurisdiction over this case that belongs in state court, it lacked the authority to dismiss the claims against the United States with prejudice. A court without jurisdiction cannot issue a final judgment. "A dismissal with prejudice is a final judgment on the merits." *Brooks v. Raymond Dugat Co. L C*, 336 F.3d 360, 362 (5th Cir. 2003). The district court's dismissal with prejudice in this case disclaimed jurisdiction and then exercised it, which we have never condoned. *See Boudloche v. Conoco Oil Corp.*, 615 F.2d 687, 688 (5th Cir. 1980) (holding that a district court that

---

[1] The FTCA allows the United States to be substituted as a defendant in any action where one of its employees is sued for damages arising from an alleged common law tort the employee committed within the scope of his employment. To invoke the United States as a defendant under the FTCA, the Attorney General must certify that the individual was a federal employee acting within the scope of his office or employment at the time of the incident. 28 U.S.C. § 2679(d). If the Attorney General refuses to certify this, the employee may petition the court for certification. *Id.* § 2679(d)(3). After certification, the United States will be substituted as the party defendant, and a proceeding pending in state court may be removed by the Attorney General to the appropriate district court. *Id.* If "the district court determines that the employee was not acting within the scope of his office or employment, the action or proceeding shall be remanded to the State court." *Id.*

lacked jurisdiction "erred in granting summary judgment and dismissing with prejudice" because without "jurisdiction over the action, it had no power to render a judgment on the merits"); *see also Mills v. Harmon Law Offices, P.C.*, 344 F.3d 42, 45 (1st Cir. 2003) ("[T]he point of section 1447(c) is that a federal court does not have the authority to dismiss a claim over which it never had jurisdiction in the first instance. The merits of the . . . claim are therefore irrelevant to this determination." (citations omitted)).  When the district court determined that it lacked jurisdiction because James was not a federal employee, the court should not have exercised jurisdiction by issuing a final judgment in the form of a dismissal with prejudice.

## III.

Because we lack jurisdiction to review the remand order under § 1447(d), we do not reach the issue of whether the remand was proper. Therefore, the district court's remand order remains in place. Because the district court lacked jurisdiction to dismiss the claims against the United States with prejudice, we REMAND to the district court with instructions to dismiss the claims against the United States without prejudice.