**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 17-50053

United States Court of Appeals
Fifth Circuit

**FILED**
January 3, 2018

Lyle W. Cayce
Clerk

NEVAREZ LAW FIRM, P.C.,

      Plaintiff - Appellant

v.

DONA ANA TITLE COMPANY; STEVE PARSLEY; SHAWNA BLOUNT,
formerly known as Shawna Gonzales; JACQUE SELBY; FIRST AMERICAN
TITLE GUARANTY COMPANY, formerly known as United General Title
Insurance Company; FIRST AMERICAN TITLE INSURANCE COMPANY;
FIRST AMERICAN FINANCIAL CORPORATION; ARACELI HERRERA;
TOMASA R. ROJAS, also known as Tomasa Rojas, also known as Tomasa
Rodriquez, also known as Tomasa Rodriguez Rojas, also known as Tomasa R.
De Rojas, also known as Tomasa R. Derojas, also known as Tomasa R.
Rodriguez, also known as Tomasa Rodriguez Deroja, also known as Tomasa
Rodriguezderoja, also known as Tomasa Rodriguez Derojas, also known as
Tomasa Rodriguezderojas, also known as Tomasa Rodriguez-Deroja, also
known as Tomasa Rodriguez-Derojas; J.L.R., A Minor;  JOSE LUIS ROJAS,
also known as Jose Rojas, also known as Jose Rodriguez, also known as Jose
Luis Rodriguez, also known as Jose L. Rojas; ARTEMIO JAYME; VIVIANA
JAYME; MARCO AURELIO JAYME; PAUL JAYME; M. J., A Minor; G. J., A
Minor; TATIANA JAYME; ZACOUR & ASSOCIATES, INCORPORATED;
PAUL G. ZACOUR; BANK OF AMERICA CORPORATION;
COUNTRYWIDE HOME LOANS, INCORPORATED, doing business as
America's Wholesale Lender;

      Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:15-CV-297

No. 17-50053

Before WIENER, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Nevarez Law Firm, P.C., brought suit in the United States District Court for the Western District of Texas against various individuals and entities that were allegedly engaged in a fraudulent real estate transaction that harmed the law firm's former clients. Nevarez brought Racketeer Influenced and Corrupt Organizations Act claims and numerous state law claims against the defendants. The law firm sought to recover two types of damages from the defendants: (1) unpaid attorney's fees the law firm incurred in representing the former clients in litigation against the defendants and (2) a forty-percent interest in the net recovery of the litigation against the defendants, to which the law firm would have been entitled under its agreement with its former client.

Under Federal Rule of Civil Procedure 12(b)(1), the district court dismissed with prejudice all of Nevarez's claims against the defendants, holding the law firm lacked Article III standing to pursue the claims. The district court did not err in dismissing on that basis. As properly analyzed by the district court, Nevarez suffered neither an injury in fact nor one fairly traceable to the defendants' conduct.

The district court relied on Rule 12(b)(1) when it dismissed Nevarez's claims with prejudice after concluding there was no standing. That was error. "A dismissal with prejudice is a final judgment on the merits" of a case. *Brooks v. Raymond Dugat Co. L C*, 336 F.3d 360, 362 (5th Cir. 2003) (citing *Schwarz v. Folloder*, 767 F.2d 125, 129–30 (5th Cir. 1985)). We agree with an earlier

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

No. 17-50053

opinion of this court that "to dismiss with prejudice under Rule 12(b)(1) is to disclaim jurisdiction and then exercise it." *Cox, Cox, Filo, Camel & Wilson, L.L.C. v. Sasol N. Am., Inc.*, 544 F. App'x. 455, 456–57 (5th Cir. 2013). Because the court did not have jurisdiction over Nevarez's claims, it could not enter a final judgment on the merits by dismissing Nevarez's claims with prejudice. *See Heaton v. Monogram Credit Card Bank of Ga.*, 231 F.3d 994, 1000 (5th Cir. 2000).

We VACATE and REMAND so that the district court may enter a revised order and final judgment that dismiss Nevarez's claims without prejudice.