**AFFIRM; and Opinion Filed September 17, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-00760-CV

**MICHAEL WILLIAMS, Appellant**
**V.**
**CALIBER HOME LOANS, Appellee**

**On Appeal from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-03199**

## MEMORANDUM OPINION

Before Justices Lang, Fillmore, and Schenck
Opinion by Justice Fillmore

Michael Williams sued his former employer, Caliber Home Loans, in the United States District Court for the Northern District of Texas (the federal district court), asserting statutory claims based on discrimination and a hostile work environment that he allegedly experienced while employed at Caliber and common law claims based on Caliber's employees disclosing information about him to the Irving Police Department (the IPD) and the Frisco Police Department (the FPD). After the federal district court dismissed the case with prejudice, Williams filed this suit asserting common law claims against Caliber based on the IPD issuing a "Be on the Lookout" (BOLO) using information provided by Caliber's employees. Caliber moved for summary judgment on grounds Williams's claims were barred by res judicata, the statute of limitations, and quasi-judicial immunity.

In three issues, Williams asserts the trial court erred by granting summary judgment in favor of Caliber because his claims were not barred by res judicata and the trial court erred by not applying the doctrines of "continuing violations" and "post-termination retaliation."[1] Although not set out as a separate issue, Williams also argues in his brief that his claims were not barred by quasi-judicial immunity. We conclude the trial court properly determined Williams's claims were barred by res judicata and affirm the trial court's judgment.

## Background

Williams began working for Caliber as Lead Business Intelligence Engineer in August 2013. On December 21, 2013, Williams contacted the IPD, alleging he had experienced difficulties with a "hate group" of employees at Caliber and seeking "information on defining and possibly reporting on-going terroristic threats." The IPD dispatcher contacted Caliber and reported Williams's call. According to Caliber, it conducted an internal investigation and found no evidence of the "hate group" or to support Williams's allegations, but found evidence Williams had behaved inappropriately in the workplace. Caliber terminated Williams's employment on March 4, 2014.

Williams sued Caliber in the federal district court on July 17, 2015.[2] On April 12, 2016, the federal district court granted Williams's motion to amend his complaint. In his first amended complaint, Williams asserted statutory claims against Caliber[3] for (1) a hostile work environment, disparate treatment, and retaliation in violation of sections 2000e-2a and 2000e-3a of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e–2000e17 (West 2012) (Title VII); (2) failing to accommodate his health issues in violation of section 12203(A) of the Americans with Disabilities

---

[1] Both of these arguments appear to be directed at whether Williams's claims are barred by the statute of limitation.

[2] This pleading is not in the appellate record.

[3] Although not included in the style of the case, Williams named as parties in the body of the first amended petition five individuals employed by Caliber.

Act, 42 U.S.C.A. §§ 12101–12213 (West 2013) (ADA); and (3) disclosing his personal information in violation of the Occupational Safety and Health Administration Act, 29 U.S.C.A. §§ 651–678 (West 2018), and the Health Insurance Portability and Accountability Act, 42 U.S.C.A. §§ 1320d–1320d-9 (West 2012). Williams also asserted common law claims for fraud and fraud in the inducement, defamation, intentional infliction of emotional distress, invasion of privacy, slander/libel, unjust enrichment, negligent failure to provide a safe workplace, and negligent hiring, supervision, or management. The factual bases of all of Williams's claims was the harassment and threats he allegedly experienced while employed at Caliber, statements made by Caliber employees to the IPD and the FPD following Williams's December 21, 2013 call, Caliber's actions following the telephone call and in investigating the allegations, Caliber's refusal to allow Williams to work from home to accommodate his health issues, and Caliber's termination of Williams's employment.

On April 15, 2016, Williams again requested to amend his complaint. Caliber consented to the amendment and, on April 25, 2016, Williams filed a second amended complaint in which he alleged additional facts related to his work at Caliber and Caliber's investigation of his complaints.[4] Williams asserted claims for racial harassment, discrimination, and retaliation in violation of 42 U.S.C.A. § 1981 (West 2012); hostile work environment, disparate treatment, and retaliation in violation of Title VII; failure to accommodate his health issues in violation of the ADA; and discrimination on the basis of age in violation of the Age Discrimination in Employment Act, 29 U.S.C.A. § 621–634 (West 2018) (ADEA) and the Texas Commission on Human Rights Act, TEX. LAB. CODE ANN. §§ 21.001–.556 (West 2015 & Supp. 2017) (TCHRA).

Williams filed a motion to modify the federal district court's scheduling order on May 18, 2016, and requested leave to again amend his complaint. Williams asserted he had discovered the

---

[4] Caliber was the only defendant identified in the second amended complaint.

IPD had issued a BOLO for him on March 13, 2014, and that Caliber had provided information that was used in the BOLO. Williams alleged he had been arrested because of the BOLO and had been damaged due to the existence of the BOLO. Attached to Williams's motion was a proposed third amended complaint[5] that listed Caliber, the City of Irving, a former Caliber employee, and employees of the IPD as defendants and added factual allegations based on the BOLO. As to Caliber, the complaint asserted statutory claims for racial harassment, discrimination, and retaliation in violation of 42 U.S.C. § 1981; hostile work environment, disparate treatment, and retaliation in violation of Title VII; failure to accommodate his health issues in violation of the ADA; and discrimination based on age in violation of the ADEA and the TCHRA. Williams also asserted common law claims against Caliber for "defamation/slander," "defamation/libel," intentional infliction of emotional distress, and invasion of privacy.

After the federal district court denied his motion to amend the complaint, Williams filed a notice of voluntarily dismissal of his case without prejudice. Caliber objected to Williams being allowed to dismiss his claims without prejudice, arguing it had incurred significant expenses in the case, had dispositive motions pending, and would be deprived of legal defenses if Williams was allowed to re-file his claims. Treating Williams's notice of voluntary dismissal as a motion to dismiss, the federal district court determined Caliber would "suffer plain legal prejudice from a dismissal without prejudice" and that dismissal with prejudice was appropriate. The federal district court provided Williams with an opportunity to withdraw his motion to dismiss and cautioned him that a "failure to timely withdraw his motion [would] constitute acceptance of the dismissal with prejudice." Williams did not withdraw his motion to dismiss, and the federal district court dismissed Williams's claims with prejudice on December 16, 2016.

---

[5] Williams erroneously entitled this document "Second Amended Complaint."

–4–

Williams filed his original petition in the 298th Judicial District Court (the trial court) on March 17, 2017. The factual allegations in the petition were based on Williams's December 21, 2013 call to the IPD, the IPD's report of the call to Caliber, and Caliber's subsequent conduct, including revealing information about Williams to the IPD that was used in the BOLO. Williams contended that, on March 17, 2016, his attorney in an "online impersonation case" provided him with the BOLO that had been produced in discovery by the Collin County District Attorney's Office. Based on the information provided by Caliber's employees to the IPD and the FPD, Williams asserted claims for "defamation/slander," "defamation/libel," intentional infliction of emotional distress, and invasion of privacy.

Caliber filed a motion for traditional summary judgment on grounds Williams's claims were barred by res judicata, the applicable statutes of limitations, and quasi-judicial immunity. As summary judgment evidence, Caliber relied on pleadings from the federal district court case and emails from the parties' settlement negotiations in which Williams stated he had been "advised to file the motion that I filed and bring the case back at a later date; but this time with an attorney and properly conducting discovery."

Williams responded by filing an amended original petition that included additional facts related to the allegedly defamatory statements made by Caliber's employees to the IPD following Williams's December 21, 2013 call that resulted in the BOLO being issued. Based on the statements made by Caliber's employees to the IPD and the FPD, Williams asserted claims for (1) "defamation/slander (per quod)"; (2) "defamation/libel (per se)"; (3) intentional infliction of emotional distress; (4) invasion of privacy; (5) civil conspiracy; (6) negligent hiring, retention, and supervision; (7) negligence; (8) bystander claim for mental anguish on behalf of his son;[6] (9) negligence per se based on violations of various statutes including Title VII and 42. U.S.C. § 1981;

---

[6] Williams's son was not named as a plaintiff.

–5–

(10) gross negligence; (11) intrusion on physical or mental solitude or seclusion; (12) unreasonable investigation, shadowing, and trailing; (13) public disclosure of private information; (14) unauthorized publication of a story about an individual's private marital affairs; (15) unauthorized disclosure of an individual's mental health information; and (16) breach of duty of reasonable care by a professional.

Williams also filed a response to Caliber's motion for summary judgment, but did not attach any summary judgment evidence. Williams argued the federal district court case related to "violations that were discoverable prior to 02/12/2014," while this case was based on "violations" that occurred after that date. Williams stated he tried to consolidate the claims based on the BOLO in the federal district court case, but the federal district court denied the request. Williams argued:

> This resulted in the splitting of the causes of actions [sic] into three cases: 1.) the State causes of actions [sic] against Caliber covering violations discoverable from 08/05/2013 to present, 2.) the Federal causes of actions [sic] against Caliber covering violations discoverable from 08/05/2013 to 02/12/2014, and 3.) the Federal causes of actions [sic] against The Irving Police Department covering violations discoverable from 02/12/2014 to 04/18/2016.

Williams conceded his claims in the federal district court case had been dismissed with prejudice, but argued his current claims were not barred (1) by res judicata because they were not the same causes of action asserted in the federal district court and Caliber did not obtain a final judgment on the merits; (2) by the statute of limitations because of the "continuing violation theory," equitable tolling, the discovery rule, and "post-charge retaliation"; or (3) by quasi-judicial immunity because many of the complained-of statements were made by Caliber's employees after the IPD had completed its investigation.

At the hearing on Caliber's motion for summary judgment, Caliber's attorney argued only that summary judgment should be granted based on res judicata because that doctrine precluded all of Williams's claims. The trial court granted Caliber's motion without specifying its basis for doing so.

**Standard of Review**

We review the granting of a motion for summary judgment de novo. *Lujan v. Navistar, Inc.*, 61 Tex. Sup. Ct. J. 982, 2018 WL 1974473, at \*3 (Apr. 27, 2018). To be entitled to a traditional summary judgment, the movant must show no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Lujan*, 2018 WL 1974473, at \*3. A defendant moving for traditional summary judgment on an affirmative defense must conclusively establish each essential element of the defense. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010); *Randall's Food Mkts, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). If the movant carries this burden, the nonmovant must then raise a genuine issue of material fact precluding summary judgment. *Lujan*, 2018 WL 1974473, at \*3.

In reviewing a traditional summary judgment, we consider the evidence in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Schlumberger Tech. Corp. v. Pasko*, 544 S.W.3d 830, 833 (Tex. 2018) (per curiam). We credit evidence favorable to the nonmovant if a reasonable factfinder could, and disregard contrary evidence unless a reasonable factfinder could not. *Samson Exploration, LLC v. T.S. Reed Props., Inc.*, 521 S.W.3d 766, 774 (Tex. 2017).

**Res Judicata**

The doctrine of res judicata "prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit." *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992); *see also Allen v. McCurry*, 449 U.S. 90, 94 (1980) ("Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."). When the assertion of a defense of res judicata relies on a lawsuit decided in federal court, federal law determines whether the subsequent state court proceeding is

barred. *San Antonio Indep. Sch. Dist. v. McKinney*, 936 S.W.2d 279, 281 (Tex. 1996). The res judicata effect of a prior judgment is a question of law that we review de novo. *Portillo v. Cunningham*, 872 F.3d 728, 733 (5th Cir. 2017).

Res judicata applies to bar a claim in a subsequent suit when (1) the parties to both actions are identical or in privity; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) the prior action was a final judgment on the merits; and (4) the same claim or cause of action is involved in both actions. *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004); *see also Retractable Technologies, Inc. v. Becton Dickinson & Co.*, 842 F.3d 883, 898 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 1349 (2017). To determine whether two suits involve the same claim under the fourth element, federal courts utilize the "transactional test." *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401–02 (5th Cir. 2009). Under that test, the issue is whether the two actions under consideration "are based on the same nucleus of operative facts." *Retractable Technologies, Inc.* 842 F.3d at 899 (quoting *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007)). "The nucleus of operative facts, rather than the type of relief requested, substantive theories advanced, or types of right asserted, defines the claim." *Davenport*, 484 F.3d at 326. If the two cases are based on the same nucleus of operative facts, the prior judgment's preclusive effect "extends to all rights the original plaintiff had 'with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose.'" *Petro-Hunt, L.L.C.*, 365 F.3d at 395–96 (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 24(1)); *see also Oreck Direct, LLC*, 560 F.3d at 402.

What factual grouping constitutes a "transaction," or what groupings constitute a "series of transactions," is determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business

understanding or usage. *Petro-Hunt, L.L.C.*, 365 F.3d at 396; *see also Retractable Technologies, Inc.*, 842 F.3d at 899. Res judicata "bars all claims that were or *could have been* advanced in support of the cause of action on the occasion of its former adjudication, . . . not merely those that were adjudicated." *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990) (quoting *Nilsen v. City of Moss Point*, 701 F.2d 556, 559 (5th Cir. 1983) (en banc)).

Williams does not dispute that Caliber conclusively established the first two elements of the test—that the parties are identical and the federal district court was a court of competent jurisdiction. Williams also concedes in his brief that the allegations in this case "included nearly the exact same facts and causes of actions" as alleged in the proposed third amended petition in the federal district court, but asserts he is not precluded from bringing claims based on facts that had not been discovered during the discovery period in the federal district court case and could not be raised in the federal district court due to the expiration of the discovery period. Williams argues "it was impossible to raise, plead or litigate those claims," the federal district court did not "hear" any pleadings that included facts associated with the BOLO, and there was not a final judgment in the federal district court as to his "claims arising from Calibers [sic] participation in the creation of a fraudulent BOLO and the distribution and publication of the contents of [his] employment file and medical records."

The federal district court dismissed Williams's claims with prejudice. "A dismissal with prejudice is a final judgment on the merits" for purposes of claim preclusion. *Brooks v. Raymond Dugat Co. L C*, 336 F.3d 360, 362 (5th Cir. 2003); *see also Griener v. United States*, No. 17-30465, 2018 WL 3976935, at \*4 (5th Cir. Aug. 20, 2018). Further, when leave to amend a complaint has been sought and denied, the plaintiff:

> [H]as the burden of either pursuading [sic] the court to designate the dismissal as "without prejudice," or of appealing. Otherwise a dismissal for failure to state a claim is res judicata "as to the existing claim which it appears plaintiff was attempting to state" . . . . [I]f plaintiff seeks to file an amended complaint, and leave

> is denied with prejudice, the denial is res judicata as to any claim in the proposed amended complaint[.]

*Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 n.8 (5th Cir. 1993) (quoting 1B MOORE'S FEDERAL PRACTICE para. 0.409[1.–2] at 310 n.13 (2d ed. 1992)); *see also Prof'l Mgmt. Assocs., Inc. v. KPMG LLP*, 345 F.3d 1030, 1032 (8th Cir. 2003) (per curiam) ("[D]enial of leave to amend constitutes res judicata on the merits of the claims which were the subject of the proposed amended pleading."); RESTATEMENT (SECOND) OF JUDGMENTS § 25 cmt. b ("It is immaterial that the plaintiff in the first action sought to prove the acts relied on in the second action and was not permitted to do so because they were not alleged in the complaint and an application to amend the complaint came too late.").[7] Accordingly, res judicata applies to any claims that Williams attempted to assert in the third amended petition in the federal district court.

Our review of the third amended complaint in the federal district court and the amended petition in this case confirms both cases are based on allegations that Caliber employees made statements and provided information to the IPD following Williams's December 21, 2013 call that led to the issuance of the BOLO and the existence of the BOLO has caused Williams to suffer damages. Further, all of the complained-about conduct occurred before Williams filed his complaint in the federal district court on July 17, 2015, and Williams was aware of the existence of the BOLO before he filed either the first or second amended complaints in the federal district court. Under the transactional test's pragmatic considerations, all the claims in the federal district court case and in this case arise from the same nucleus of operative facts and are the same claim or cause of action for purposes of res judicata. *See Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 522 (5th Cir. 2016) (concluding res judicata bars recovery "when a party seeks to relitigate the same facts even when the party argues a novel legal theory").

---

[7] *See also Concha v. London*, 62 F.3d 1493, 1507 (9th Cir. 1995) (By obtaining a dismissal with prejudice in the first action, the plaintiff "submit[ted] to a judgment that serves to bar his claims forever.").

We conclude Caliber conclusively established that Williams's claims in this case are barred by the doctrine of res judicata. Accordingly, we resolve Williams's first issue against him and affirm the trial court's judgment.[8]


/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE


170760F.P05

---

[8] Based on our resolution of Williams's first issue, we need not address his second two issues. *See* TEX. R. APP. P. 47.1.



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

MICHAEL WILLIAMS, Appellant

No. 05-17-00760-CV     V.

CALIBER HOME LOANS, Appellee

On Appeal from the 298th Judicial District Court, Dallas County, Texas,
Trial Court Cause No. DC-17-03199.
Opinion delivered by Justice Fillmore,
Justices Lang and Schenck participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Caliber Home Loans recover its costs of this appeal from appellant Michael Williams.

Judgment entered this 17th day of September, 2018.